IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARGARET ELIZABETH LAWSON DARLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV110 |
| | ) | |
| DISTRICT COURT JUDGE LINDA FALLS, officially and | ) | |
| individually, DISTRICT COURT JUDGE ANGELA FOX, | ) | |
| officially and individually, MAGISTRATE A. G. THOMAS, | ) | |
| officially and individually, MAGISTRATE J. A. WILLIAMS, | ) | |
| officially and individually, MAGISTRATE B. MCDOWELL, | ) | |
| officially and individually, ANY AND ALL BOND | ) | |
| GUARANTORS OF THESE MAGISTRATES, | ) | |
| GREENSBORO POLICE OFFICER REGINALD MILLS, | ) | |
| officially and individually, GREENSBORO POLICE | ) | |
| OFFICER A. W. FAIR, officially and individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff, Margaret Elizabeth Lawson Darling, appearing *pro se*,[1] brings this action

against the above-named Defendants pursuant to 42 U.S.C. § 1983,[2] alleging violations of the

---

[1] Where, as here, Plaintiff appears *pro se*, the Court is required to liberally construe the Complaint, "and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

[2] Section 1983 provides a remedy for deprivation of constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983. It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

United States Constitution, as well as various state law claims. Plaintiff seeks injunctive relief, declaratory relief, and damages. Before the Court are: (i) a Motion to Dismiss filed by Defendants Reginald Mills and Andrew Fair, (ECF No. 12); and (ii) a Motion to Dismiss filed on behalf of Defendants Falls, Fox, Thomas, Williams, and McDowell, (ECF No. 19). For the reasons set forth below, the Court grants Defendants' motions.

## I. BACKGROUND

The allegations in Plaintiff's Complaint arise out of a domestic violence proceeding[3] in state court, initiated by Jason Allan Sawyer ("Sawyer"),[4] against Plaintiff. Plaintiff alleges that during these proceedings, which occurred between February 2013 and May 2013, District Court Judges Linda Falls and Angela Fox, Magistrates A. G. Thomas, J. A. Williams, and B. McDowell, and Greensboro Police Officers Reginald Mills and Andrew Fair, violated her constitutional rights by engaging in the following acts: (i) entering two Domestic Violence Protection Orders ("DVPOs") against Plaintiff; (ii) issuing five arrest warrants for Plaintiff; (iii) executing four actual arrests of Plaintiff; (iv) detaining Plaintiff in jail for over 30 hours; (v) issuing a misdemeanor criminal summons for Plaintiff; (vi) filing eight criminal charges against Plaintiff; and (vii) providing Plaintiff's personal information to Sawyer. (ECF No. 1 ¶¶ 8, 21–31.) Ultimately, the state court proceeding was "disposed of in [Plaintiff's] favor."[5] (*Id.* ¶ 7.)

---

[3] N.C. Gen. Stat. § 50B-1 ("Chapter 50B") of the North Carolina General Statutes governs actions relating to domestic violence.

[4] Sawyer is not a party to the instant action.

[5] According to the Complaint, on May 14, 2013, Defendant District Court Judge Angela Fox ("Judge Fox") granted Plaintiff's motion for relief pursuant to N.C. Rule of Civ. P. 60 and vacated two

2

Defendants Reginald Mills and Andrew Fair (collectively, "Police Defendants") move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12 at 1.) District Court Judges Linda Falls and Angela Fox, and Magistrates A. G. Thomas, J. A. Williams, and B. McDowell (collectively, "Judicial Defendants") move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. (ECF No. 19 at 1, 2.) Further, the Judicial Defendants move to dismiss Plaintiff's claims based on absolute judicial immunity and Eleventh Amendment immunity. (*Id.* at 2.) Because the Court will grant the Police Defendants' motion to dismiss under Rule 12(b)(6) and grant the Judicial Defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6), the Court need not address the remaining arguments for dismissal.[6]

## II.    STANDARDS OF REVIEW

### A.  Rule 12(b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is a threshold issue that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 441 F.3d 474, 479–80 (4th Cir. 2005). A motion under Rule 12(b)(1) raises the question of "whether [the plaintiff]

---

previously entered DVPOs against Plaintiff. (ECF No. 1 ¶ 24 n.1) In addition, Sawyer voluntarily dismissed his Complaint and Motion for the DVPO with prejudice. (*Id.*).

[6] *See McCants v. Nat'l Collegiate Athletic Ass'n*, --- F. Supp. 3d ----, 2016 WL 4272362, at *2 n.3 (M.D.N.C. 2016) (explaining that because the court granted defendant's motion to dismiss for failure to state a claim, the court need not address Defendant's other arguments for dismissal).

has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of proving subject matter jurisdiction rests with the Plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When evaluating a Rule 12(b)(1) motion to dismiss, the court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B. **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway*, 669 F.3d at 452; or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Dismissal under Rule 12(b)(6) is appropriate only when the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Capital Associated Indus., Inc. v. Cooper*, 129 F. Supp.

4

3d 281, 300 (M.D.N.C. 2015) (quoting *Brown v. Target, Inc.*, No. ELH-14-00950, 2015 WL 2452617, at *9 (D. Md. May 20, 2015)).  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.  DISCUSSION

### A.  Police Defendants' Motion to Dismiss

#### 1.  *Plaintiff's Fourth Amendment claim against Defendant Mills*

Plaintiff alleges that Defendant Mills, a Greensboro police officer, is liable under 42 U.S.C. § 1983 for violating her Fourth Amendment rights.  (ECF No. 1 ¶ 39.)  Specifically, Plaintiff argues that Defendant Mills conducted an "unreasonable search under the color of law," (ECF No. 18 at 8), when he used her license plate number to obtain "identifying personal information" from the DMV database which he then provided to Sawyer (ECF No. 1 ¶¶ 21, 39).  Defendant Mills argues that his actions, as alleged by Plaintiff, do not implicate the Fourth Amendment, and should therefore be dismissed.  (ECF No. 13 at 6.)  The Court agrees with Defendant Mills.

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  The Supreme Court has held that "the Fourth Amendment protects people, not places."  *Katz v. United States*, 389 U.S. 347, 351 (1967).  Accordingly, a search under the Fourth Amendment occurs when the

government invades a person's "constitutionally protected reasonable expectation of privacy." *Id.* at 360–61. (Harlan, J., concurring).

In examining a Fourth Amendment unreasonable search claim, the Court must first determine whether there is a reasonable expectation of privacy in the area searched, and if so, whether the search is reasonable. *See United States v. Rusher*, 966 F.2d 868, 873–74 (4th Cir. 1992). Courts have held that there is "no reasonable expectation of privacy with respect to [a] vehicle's license plate number." *United States v. White*, No. 1:98CR332-1, 1999 WL 1939263, at *3 (M.D.N.C. Jan. 14, 1999); *see, e.g., United States v. Diaz-Castaneda*, 494 F.3d 1146, 1151 (9th Cir. 2007) (agreeing "that people do not have a subjective expectation of privacy in their license plates, and that even if they did, this expectation would not be one that society is prepared to recognize as reasonable"); *United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006) (holding that a "motorist has no reasonable expectation of privacy in the information contained on his license plate under the Fourth Amendment"); *see also United States v. George*, 971 F.2d 1113, 1120 (4th Cir. 1992) (finding that "one does not have a reasonable expectation of privacy in the visible exterior parts of an automobile that travels the public roads and highways").

Here, Plaintiff alleges in her Complaint that Defendant Mills provided a third party (Sawyer) with "identifying personal information that he obtained after running my vehicle tag . . . through the DMV database" while on duty. (ECF No. 1 ¶ 21.) However, because Plaintiff has no reasonable expectation of privacy in the information on her license plate, Defendant Mills' actions do not constitute a search under the Fourth Amendment. Thus, Plaintiff has failed to allege a cognizable claim for relief under the Fourth Amendment, and the Court will grant Defendant Mills' motion to dismiss this claim.

## 2. Plaintiff's Fourteenth Amendment claim against Defendant Mills

Plaintiff also alleges that Defendant Mills violated her rights under the Fourteenth Amendment. (*Id.* ¶ 39.) While the Complaint does not, on its face, specify the nature of Plaintiff's Fourteenth Amendment claim, Plaintiff argues in her Response brief that her procedural due process rights were violated by Defendant Mills when he "[ran] a tag on behalf of and provid[ed] a citizen with identifying information about the driver." (ECF No. 18 at 11.) Defendant Mills argues, in part, that Plaintiff's claim under the Fourteenth Amendment should be dismissed because her allegation is "insufficient to invoke the Fourteenth Amendment." (ECF No. 22 at 6–7.)

Under the Fourteenth Amendment of the United States Constitution, state actors shall not deprive any person of life, liberty, or property without due process of law. U.S. Const. Amend. XIV, § 1. To state a claim for relief for a violation of procedural due process, Plaintiff must show: "(1) a cognizable 'liberty' or 'property' interest; (2) the deprivation of that interest by 'some form of state action'; and (3) that the procedures employed were constitutionally inadequate. *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)). "If no 'life, liberty, or property' interest within the meaning of the Constitution is in issue, then there can be no deprivation of constitutional due process." *Mills v. Holmes*, 95 F. Supp. 3d 924, 931 (E.D. Va. 2015); *see Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

Defendant Mills argues that, rather than articulating a specific property or liberty interest allegedly violated, "Plaintiff appears to take the phrase 'procedural due process' at its literal meaning," (ECF No. 22 at 6). The Court agrees. Plaintiff seemingly argues that by providing Sawyer with information obtained from the DMV database, Officer Mills permitted Sawyer to circumvent the proper procedure for obtaining such information. (*See* ECF No. 18 at 10–11.) However, "[p]rocedural protections, standing alone, even if clearly mandated by state law, do not create a liberty interest in either the procedures themselves or the substantive result they purportedly protect." *Holmes v. Cooper,* 872 F. Supp. 298, 302 (W.D. Va. 1995) (citing *Stewart v. Bailey,* 7 F.3d 384, 392 (4th Cir. 1993)). Therefore, to state a plausible claim for deprivation of procedural due process, Plaintiff must allege facts to show more than a deprivation of state-prescribed process; rather, she must show that she was deprived of a constitutionally protected interest. An examination of the Complaint, however, reveals that it is devoid of specific factual allegations concerning the nature of the liberty or property interest violated as a result of Defendant Mills' actions. Rather, the Complaint contains only conclusory statements alleging that Defendant Mills' actions violated the Fourteenth Amendment.[7] Such legal conclusions, without the articulation of a protected liberty or property interest, do not suffice to state a plausible claim for relief sufficient to survive a motion to dismiss. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that, on a Rule 12(b)(6) motion to dismiss, the court is "not bound to accept as true a legal conclusion

---

[7] Specifically, Plaintiff's Complaint alleges: "With regard to Officer Reginald Mills I am setting forth here that running a vehicle tag on behalf of and providing a citizen with identifying information about the driver of that vehicle from that tag search is a violation of the . . . Fourteenth Amendment." (ECF No. 1 ¶ 39.)

couched as a factual allegation"); *see also Hawkins v. Hairston*, No. 12-cv-1366-JKB, 2012 WL 5503839, at *2 (D. Md. Nov. 8, 2012) (finding that "even a *pro se* complaint must meet a minimum threshold of plausibility").

Thus, because the bare allegations in Plaintiff's Complaint fail to allege the deprivation of a protected property or liberty interest, the Court finds that Plaintiff has failed to state a plausible claim for relief under the Fourteenth Amendment. *See Lanier Constr. Co. v. City of Clinton, N.C.*, 812 F. Supp. 2d 696, 700 (E.D.N.C. 2011) (granting defendants' Rule 12(b)(6) motion to dismiss plaintiff's Fourteenth Amendment procedural due process claim because plaintiff failed to allege a sufficient property or liberty interest). Accordingly, the Court will grant Defendant Mills' motion to dismiss this claim.

> 3. *Plaintiff's claim against Defendant Mills under The Driver's Privacy Protection Act, 18 U.S.C. § 2721*

Plaintiff alleges that Defendant Mills violated The Driver's Privacy Protection Act, ("DPPA"), 18 U.S.C. § 2721, by obtaining her personal information through the DMV and providing the same to Sawyer. (ECF No. 1 ¶ 39.) Defendant Mills argues that Plaintiff's claims under the DPPA should be dismissed because "Officer Mills' actions were in compliance with [the statute]."[8] (ECF No. 13 at 6.)

---

[8] In the Police Defendants' opening brief, Defendant Mills also advanced the additional argument that Plaintiff's claim against him under the DPPA was "time-barred by the statute of limitations and should be dismissed with prejudice." (ECF No. 13 at 4.) Defendant Mills, however, later conceded in his Reply that this claim is not time-barred given that, as Plaintiff correctly argued in her Response, this claim is governed by 28 U.S.C. § 1658 which provides a four-year statute of limitations (instead of three years, as originally contended by Defendant Mills). (ECF No. 22 at 3; ECF No. 18 at 6–7.) Defendant Mills maintains, however, that despite the fact that Plaintiff's claim under the DPPA is not time-barred, it should still be dismissed for failure to state a claim. (ECF No. 22 at 3–4.)

Under the DPPA, disclosure of personal motor vehicle information is generally prohibited. The statute does, however, allow for "[p]ermissible uses" of such information, including "[f]or use by any government agency, including any court or *law enforcement agency*, in carrying out its functions," and "[f]or use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency . . . including . . . the execution or enforcement of judgments and orders." 18 U.S.C. §§ 2721(b)(1), (4) (emphasis added).

Here, Plaintiff specifically alleges in her Complaint that Defendant Mills' disclosure of her personal motor vehicle information occurred while he was engaged in his law enforcement duties. (*See* ECF No. 1 ¶ 21 (alleging that Defendant Mills obtained her personal information "through the DMV database whilst on duty and acting in his official capacity").) Under the DPPA, such disclosure by Defendant Mills, while carrying out his law enforcement duties, is permitted. *See* 18 U.S.C. §§ 2721(b)(1). Nowhere in Plaintiff's Complaint does she allege that Defendant Mills' actions occurred outside of his law enforcement capacity, nor does she allege that his actions were unrelated to the domestic violence legal proceedings in state court. *See Wootten v. Virginia*, No. 6:14-cv-00013, 2015 WL 1345276, at *15 n.11 (W.D. Va. Mar. 23, 2015) (explaining that "plaintiff bears the burden of showing that the obtainment, disclosure, or use of personal information from her motor vehicle records was not for a purpose enumerated in [18 U.S.C. § 2721]"). Thus, taking the allegations in the Complaint as true, Plaintiff has failed to allege sufficient facts to show that Defendant Mills' disclosure of Plaintiff's motor vehicle information was impermissible or improper under the DPPA. The Court therefore concludes that Plaintiff has failed to state a plausible claim for relief under the

DDPA against Defendant Mills. Accordingly, the Court will grant Defendant Mills' motion to dismiss this claim.

### 4. *Plaintiff's Fourth Amendment claim against Defendant Fair*

Plaintiff alleges that Defendant Fair, a Greensboro police officer, is liable under 42 U.S.C. § 1983 for violating her rights under the Fourth Amendment and Fourteenth Amendment. (ECF No. 1 ¶ 40.) As to Plaintiff's claims under the Fourth Amendment, Plaintiff alleges that, on May 2, 2013, Defendant Fair sought and obtained a warrant for her arrest "based solely on a citizen complainant's uncorroborated assertion[,] without probable cause." (*Id.* ¶ 30.) Defendant Fair argues that this claim "is without merit," (ECF No. 13 at 8–10), because he "followed the constitutionally appropriate procedure for obtaining an arrest warrant, and therefore the issuance of the warrant" was lawful. (ECF No. 12 ¶ 5.)

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. An arrest satisfies the Fourth Amendment if it is supported by probable cause, "even if the wrong person is arrested." *Mensh v. Dyer*, 956 F.2d 36, 39 (4th Cir. 1991). "Probable cause exists when the facts and circumstances known to the officer 'would warrant the belief of a prudent person that the arrestee had committed or was committing an offense.'" *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (quoting *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988)). Although probable cause demands "more than a mere suspicion, . . . evidence sufficient to convict is not required." *Id.* at 434.

The Supreme Court has held that the traditional "adversary safeguards" are not required for a probable cause determination under the Fourth Amendment. *Gerstein v. Pugh*, 420 U.S 103, 120 (1975). Further, probable cause for an arrest has "traditionally . . . been decided by a magistrate in a nonadversary proceeding [based] on hearsay and written testimony, and the Court has approved these informal modes of proof." *Id.* at 120.

Here, taking Plaintiff's allegations as true, Defendant Fair sought an arrest warrant for Plaintiff due to her alleged violation of a domestic violence protective order. (ECF No. 1 ¶ 30.) Under N.C. Gen. Stat. § 50B-4.1, "[a] law enforcement officer shall arrest and take a person into custody, *with or without a warrant or other process*, if the officer has probable cause to believe that the person knowingly has violated a valid protective order." N.C. Gen. Stat. § 50B-4.1(b) (emphasis added). Plaintiff alleges that the arrest warrant was issued "without probable cause" and "based on an uncorroborated one-sided story without any further evidence." (ECF No. 1 ¶¶ 30, 40.) However, the Fourth Circuit has made clear that, while "a judicial determination of probable cause" is a prerequisite to issuance of an arrest warrant, such a determination "does not involve any adversarial rights, *and can be based entirely on hearsay and written testimony*." *King v. Jones*, 824 F.2d 324, 326–27 (4th Cir. 1987) (emphasis added); *see Jones v. United States*, 362 U.S. 257, 271 (1960) (concluding that "hearsay may be the basis for a warrant"), *overruled in part on other grounds by, United States v. Salvucci*, 448 U.S. 83 (1980). Thus, Plaintiff's allegations[9] that Defendant Fair sought and obtained an arrest warrant for her

---

[9] In her Response to the Police Defendants' Motion to Dismiss, Plaintiff includes a number of new factual allegations which were not included in her Complaint. In resolving a motion to dismiss pursuant to Rule 12(b)(6), however, the sufficiency of the Complaint is at issue, *Francis*, 588 F.3d at 192. As such, "a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment," *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

violation of a domestic violence protective order based on the hearsay testimony of a complainant do not implicate the Fourth Amendment. The Court therefore concludes that Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Fair. Accordingly, the Court will grant Defendant Fair's motion to dismiss Plaintiff's Fourth Amendment claim against Defendant Fair.

### 5. *Plaintiff's Fourteenth Amendment claim against Defendant Fair*

As to Plaintiff's claim against Defendant Fair under the Fourteenth Amendment, Plaintiff alleges the following in her Complaint: "With regard to Officer AW Fair I am setting forth here that seeking and obtaining an arrest warrant based on an uncorroborated one-sided story without any further evidence, is a violation of the . . . Fourteenth Amendment of the United States Constitution." (ECF No. 1 ¶ 40.) Beyond this conclusory allegation, however, Plaintiff neither articulates specific facts setting forth the basis for her allegation, nor specifies the nature of her Fourteenth Amendment claim. Although Plaintiff's *pro se* Complaint "is to be liberally construed," *Estelle*, 429 U.S. at 106, courts are not required to "conjure up questions never squarely presented to them [for] District judges are not mind readers," *Beaudett*, 775 F.2d at 1278. Consequently, the Court will likewise dismiss Plaintiff's Fourteenth Amendment claim against Defendant Fair for failure to state a cognizable claim upon which relief may be granted. Moreover, because, as discussed above, the Court will dismiss the federal claims against Defendants Mills and Defendant Fair, the Court declines, in its discretion, to exercise

---

Therefore, to the extent that Plaintiff, in her Response, attempts to raise new allegations beyond those contained in the Complaint, "those claims are not properly before the [C]ourt and will not be considered." *Mohammed v. Daniels*, No. 5:13-CT-3077-FL, 2015 WL 470469, at *3 n.2 (E.D.N.C. Feb. 4, 2015).

supplemental jurisdiction over the related state law claims under the North Carolina Constitution.[10]

## C. Judicial Defendants' Motion to Dismiss

### 1. *Eleventh Amendment immunity under Rule 12(b)(1)* [11]

The Judicial Defendants first argue that "Plaintiff's claims for monetary relief against the State Judicial Defendants, in their official capacities, are barred by the Eleventh Amendment." (ECF No. 20 at 7.) The Court agrees.

The Eleventh Amendment of the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Accordingly, the Eleventh Amendment bars suits against a State brought in federal court by a state's own citizens or citizens of other states. *See id.*; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *accord Litman v. George Mason Univ.*, 186 F.3d 544, 549 (4th Cir. 1999). It is well-established that official capacity claims are, in essence, claims against the State. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As the Eleventh Amendment bars a plaintiff from recovering monetary damages

---

[10] In cases involving a federal question, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

[11] In the Fourth Circuit, it is unclear "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000). However, the recent trend "appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Haley v. Va. Dep't of Health*, No. 4:12-cv-00016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012). Out of an abundance of caution, this Court will consider the Judicial Defendants' Eleventh Amendment immunity argument under Rule 12(b)(1). The Court, however, will also analyze this case under Rule 12(b)(6).

against the State, it similarly bars such claims against a state official sued in his or her official capacity. *See Hutto v. S. C. Retirement Sys.*, 773 F.3d 536, 549 (4th Cir. 2014) ("State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State."). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. . . . This bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted); *see Huang v. Bd. of Governors of Univ. N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990) (finding that the plaintiff "correctly concedes . . . that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities").

Here, Plaintiff has sued two District Court Judges and three Magistrates, in their official capacities, for actions taken "under the color of state law pursuant to the statutes[,] ordinances, regulations, policies, practices, procedures and customs of the State of North Carolina." (ECF No. 1 ¶ 17.) Because the Judicial Defendants are state employees, the official capacity suit against them is, in reality, a suit against the State. As such, Plaintiff's claims for monetary damages against the Judicial Defendants are barred by the Eleventh Amendment. The Court will therefore grant the Judicial Defendants' motion to dismiss Plaintiff's claims for monetary relief against them in their official capacity.[12]

---

[12] Because the Court will grant the Judicial Defendants' motion to dismiss the federal claims for monetary relief against the Judicial Defendants, the Court declines, in its discretion, to exercise supplemental jurisdiction over the related state law claims under the North Carolina Constitution. *See supra* note 10.

2. *Judicial immunity under Rule 12(b)(6)*

The Judicial Defendants further argue that Plaintiff's claims against them should be dismissed under Rule 12(b)(6) because such claims are barred by absolute judicial immunity. (ECF No. 20 at 8–12.) Again, the Court agrees.

It is well settled that "judges are absolutely immune from suit for deprivation of civil rights brought under 42 U.S.C. § 1983." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992); *see Stump v. Sparkman*, 435 U.S. 349, 355 (1978) ("As early as 1872, the [Supreme] Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" (second alteration in original) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871))); *accord Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). This immunity applies even when judicial authority is exercised improperly. *Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971). The Supreme Court has held that judges "are not liable [in] civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 80 U.S. at 351; *see also Stump*, 435 U.S. at 356. Magistrates, as judicial officers, are also entitled to judicial immunity. *See King*, 973 F.2d at 356 (finding that "[m]agistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges"); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) ("As judicial officers, [state] magistrates are entitled to absolute immunity for acts performed in their judicial capacity.").

16

There are two (2) circumstances in which judicial immunity will not apply. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. The determination of whether a judge has performed a "judicial act" rests on "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." *King*, 973 F.2d at 357. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11. In making this determination, "the scope of the judge's jurisdiction must be construed broadly," *Stump*, 435 U.S. at 356, and it depends on whether "jurisdiction over the subject-matter [of the action] is invested by law in the judge." *Bradley*, 80 U.S. at 351–52.

In this case, Plaintiff does not dispute that the acts taken by the Judicial Defendants were judicial acts. Rather, Plaintiff contends that "the actions of all of the Judicial Defendants as discussed in [the] complaint were judicial acts taken in ***clear absence of all jurisdiction***." (ECF No. 23 at 7.) Yet, Plaintiff specifically alleges in her Complaint that the Judicial Defendants' acted pursuant to statutory authority. In particular, Plaintiff's Complaint alleges the following:

> (i) Magistrate Thomas issued arrest warrants for Plaintiff "under the authority of NCGS§15A-304(f)(6),"[13] (ECF No. 1 ¶¶ 22, 25);
>
> (ii) Judge Falls issued an *ex parte* DVPO against Plaintiff "pursuant to NCGS§50B,"[14] (*Id.* ¶ 23);

---

[13] N.C. Gen. Stat. § 15A-304(f)(6) provides that, "[a] warrant for arrest . . . may be issued by . . . [a] magistrate." N.C. Gen. Stat. § 15A-304(f)(6).

[14] N.C. Gen. Stat. § 50B-2 provides that a court may enter an *ex parte* order "as it deems necessary to protect [an] aggrieved party or minor children." N.C. Gen. Stat. § 50B-2(c).

17

(iii)  Judge Fox issued a DVPO against Plaintiff "pursuant to NCGS§50B-3,"[15] (*Id.* ¶ 24);

(iv)  Magistrate Williams issued arrest warrants for Plaintiff "under the authority of NCGS§15A-304(f)(6)," and ordered Plaintiff held in custody until a first appearance, "[p]ursuant to NCGS§15A-534.1,"[16] (*Id.* ¶¶ 26, 27, 31); and

(v)  Magistrate McDowell issued an arrest warrant for Plaintiff "under the authority of NCGS§15A-304(f)(6),"[17] (*Id.* ¶ 29).

Moreover, as the Judicial Defendants point out, at all times relevant, Judge Falls and Judge Fox were District Court Judges in North Carolina's Eighteenth Judicial District, and Magistrates Thomas, Williams and McDowell were Magistrates in North Carolina's Eighteenth Judicial District. Under N.C. Gen. Stat. § 50B-2(a), "[t]he district court division of the General Court of Justice shall have original jurisdiction over actions instituted under [Chapter 50B]. N.C. Gen. Stat. § 50B-2(a). Further, in Chapter 50B proceedings, entering *ex parte* orders and domestic violence protective orders are clearly judicial acts which fall within the jurisdiction of a district court judge under North Carolina law. *See* N.C. Gen. Stat. §§ 50B-2(c), 50B-3.

---

[15] N.C. Gen. Stat. § 50B-3 provides that upon a finding that "an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." N.C. Gen. Stat. § 50B-3.

[16] N.C. Gen. Stat. § 15A-534.1 provides that a judge shall determine the pretrial release conditions of a defendant charged with violation of an order entered under N.C. Gen. Stat. § 50B. N.C. Gen. Stat. § 15A-534.1(a). This statute further provides that, "[a] defendant may be retained in custody not more than 48 hours from the time of arrest without a determination being made under this section by a judge. If a judge has not acted pursuant to this section within 48 hours of arrest, the magistrate shall act under the provisions of this section." N.C. Gen. Stat. § 15A-534.1(b).

[17] N.C. Gen. Stat. §15A-304(f)(6) provides that a magistrate may issue a warrant for arrest.

Likewise, issuing arrest warrants and criminal summonses are judicial acts which fall within a magistrate's jurisdiction in North Carolina. *See* N.C. Gen. Stat. §§ 7A-273(3), 15A-304(f)(6)

Accordingly, Plaintiff's allegations, taken as true, fail to show that the judicial acts of the Judicial Defendants were taken in complete absence of all jurisdiction. Particularly, in light of the fact that the jurisdiction of a judicial officer must be *construed broadly* when determining whether that judicial officer acted in clear absence of all jurisdiction, Plaintiff's allegations fall short of what is necessary to render judicial immunity inapplicable here. *See Stump*, 435 U.S. at 356. Thus, the Court concludes that judicial immunity bars Plaintiff's claims against the Judicial Defendants. The Court will therefore dismiss Plaintiff's claims against the Judicial Defendants, in their individual and official capacities, for failure to state a claim upon which relief can be granted. *See Lemon v. Hong*, No. CV ELH-16-979, 2016 WL 3087451, at *4 (D. Md. June 2, 2016) ("The doctrine of judicial immunity shields judges from . . . claims against them in both their official and individual capacities."), *aff'd*, No. 16-1616, 2016 WL 6958451 (4th Cir. Nov. 22, 2016) (per curiam); *Miller v. U.S. Dep't of Housing & Urban Dev.,* No. 1:05CV01045, 2006 WL 2504834, at *3 (M.D.N.C. Aug. 29, 2006) (dismissing plaintiff's individual and official capacity claims against defendant based on a finding of absolute judicial immunity), *aff'd*, 216 F. App'x 367 (4th Cir. 2007) (per curiam). The Court likewise declines, in its discretion, to exercise supplemental jurisdiction over the related state law claims against the Judicial Defendants.[18]

For the reasons stated herein, the Court enters the following:

---

[18] *See supra* note 10.

## ORDER

IT IS THEREFORE ORDERED that Defendants Reginald Mills and Andrew Fair's Motion to Dismiss, (ECF No. 12), and the Motion to Dismiss on behalf of Defendants Falls, Fox, Thomas, Williams, and McDowell, (ECF No. 19), are GRANTED.

IT IS FURTHER ORDERED that the Court will decline to exercise supplemental jurisdiction over the remaining state law claims under the North Carolina Constitution and, thus, such claims are DISMISSED WITHOUT PREJUDICE.

A Judgment dismissing this action will be entered contemporaneously with this Order. This, the 17th day of February, 2017.


         /s/ Loretta C. Biggs
United States District Judge